OPINION
PER CURIAM.
Manjinder Singh petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the reasons that follow, we will deny the petition.
*340 Because the background of this case is familiar to the parties, we discuss it only briefly here. In November 2000, Singh, a native and citizen of India, entered the United States without valid entry documents. In October 2005, the Department of Homeland Security initiated removal proceedings against him. He conceded re-movability and, in February 2006, applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In support of his application, he argued that he feared returning to India because of persecution he had received on account of his membership in India’s Congress Party.
In July 2006, Singh testified before an Immigration Judge (“IJ”). The IJ concluded that Singh’s testimony lacked credibility, identifying several inconsistencies between the testimony and documents in the record. In light of these inconsistencies, the IJ required corroboration for Singh’s claims. Singh, however, failed to provide any such corroboration.[1] As a result, the IJ rejected his claim of past persecution. As for Singh’s claims of future persecution and torture, the IJ stated that even if there was any truth to Singh’s testimony, he could safely return to India because the Congress Party was currently in power. Accordingly, the IJ denied Singh’s application.
In November 2008, the BIA adopted and affirmed the IJ’s decision. The BIA held that the IJ had “considered the ‘totality of the circumstances’ in finding [Singh] not credible.” (Decision of BIA at 1.) The BIA highlighted some of the inconsistencies cited in the IJ’s decision, and noted that the IJ had discussed the various corroborating documentation that Singh had “failed to provide without adequate explanation.” (Id.) The BIA concluded that because the IJ’s “adverse credibility determination was supported by specific, cogent reasons for which [Singh] provided no reasonable explanations, we do not find it to be clearly erroneous.” (Id.) Additionally, the BIA held that the IJ’s “adverse credibility finding also compels denial of his application under the [CAT], since that application is based on identical facts.” (Id.) Singh now seeks review of the BIA’s decision.
We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). Where “the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004).
Singh argues that IJ and BIA did not provide “specific, cogent reasons” in support of the adverse credibility determination. This argument is baseless. The IJ’s decision clearly identified and discussed several important inconsistencies between Singh’s testimony and documents in the record. Moreover, in adopting and affirming the IJ’s decision, the BIA reiterated some of these inconsistencies.
Singh next claims that the IJ failed to afford him an opportunity to explain why he did not submit corroborating documentation. This claim is belied by the record. At the hearing before the IJ, Singh’s own attorney asked whether Singh “eonsider[ed] trying to obtain affidavits from witnesses or a letter from the Congress Party, for example.” (Admin. Rec. at 124.) *341 Singh responded by conceding, “No, I didn’t. No, I didn’t get it, I wasn’t thinking of it.” (Id.)
Finally, Singh contends that the BIA failed to consider his CAT claim apart from his claims for asylum and withholding of removal. We disagree. In its decision, the BIA specifically addressed Singh’s CAT claim and reasoned that, because that claim relied on the same evidence as his other claims — evidence that lacked credibility — Singh could not prevail on his CAT claim. We find no error in the BIA’s analysis.
In light of the above, we will deny Singh’s petition for review.

. Although Singh was, at the time, living in New Jersey with his sister (who allegedly lived with him in India during the relevant time period), he did not produce her at the hearing or submit an affidavit from her. Moreover, Singh did not submit an affidavit from his father, whom the IJ described as “a very important person in this case.” (Decision of IJ at 13.) Finally, Singh did not provide any documentation from the Congress Party indicating that he was, in fact, a member.